UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL COFFEY,

            Plaintiff,

v.                                    Case No: 2:25-cv-812-JES-NPM

SOUTHSTAR       DEVELOPMENT
COMPANY, TODD EVANS, BRUCE
HARRIS, and JOE SULLIVAN,

            Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the file. A pleading drafted by a party proceeding unrepresented by counsel (*pro se*) is held to a less stringent standard than one drafted by an attorney. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, courts may not rewrite an otherwise deficient pleading. Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

The unsigned "Verified Complaint" (Doc. #1) alleges jurisdiction under 28 U.S.C. §§ 1331 and 1343 asserting claims under the Americans with Disabilities Act (ADA) and state law. General facts are stated and the causes of action are listed with no further factual basis provided. Plaintiff also sent a "Letter to the Clerk of Court" providing an "Amendment and Addendum" to his original filing. (Doc. #3.) The most recent filing is an

Amended Complaint – Correction of Defendant Name (Doc. #10) that does not incorporate any of the prior filings but simply notifies the Court that Southstar Development Partners, Inc. should be identified as Southstar Development Company.

"The federal rules do not authorize litigants to submit their pleadings in a piecemeal fashion … in fact, they contemplate the use of only one complaint per litigant." Aufderhaar v. Warder, No. 8:21-CV-419-MSS-CPT, 2021 WL 7448081, at *4 (M.D. Fla. Nov. 3, 2021), report and recommendation adopted, No. 8:21-CV-419-MSS-CPT, 2021 WL 7448085 (M.D. Fla. Nov. 30, 2021) (citations omitted). Once an amended complaint is filed, the original pleadings are deemed "abandoned by the amendment" and the prior filings become "a legal nullity." Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). In this case, plaintiff did not include the original facts and counts in the "Amended Complaint." Plaintiff will be required to file a Second Amended Complaint that contains everything he wishes to present to the Court as a single document that attaches all exhibits at the same time. The document must also be signed pursuant to Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

When amending, plaintiff should also consider the requirements of the Federal Rules of Civil Procedure to allege facts as to each separate count. The combined documents do not

comply with Rule 8 or 10, and present as a shotgun pleading. "A complaint is a shotgun pleading if it contains pervasive conclusory and immaterial facts not obviously connected to a specific claim or asserts multiple claims without specifying who is responsible or which persons the claim is brought against. [] A shotgun pleading makes it virtually impossible to know which allegations of fact are intended to support which claims for relief." Brown v. Columbus Police Dep't, No. 23-11896, 2024 WL 3451862, at *6 (11th Cir. July 18, 2024) (internal citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10 of the Federal Rules further provides that claims must be in numbered paragraphs and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Unrepresented litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the

relevant law and rules of court, including the Federal Rules of Civil Procedure").

Plaintiff should specify the Court's basis for subject matter jurisdiction, and the legal basis for his claim or claims with supporting facts. Plaintiff should include references to the laws that have been violated for each defendant. For additional resources and assistance, plaintiff may wish to review the form complaints available on the Court's website, for example https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.

Plaintiff has filed a Motion to Remove Trespassing Allegation (Doc. #6), Motion to Dismiss False and Retaliatory Trespassing Complaint (Doc. #11), Motion to Remove False and Retaliatory Trespassing Complaint (Doc. #12) asking the Court to act against defendants who have not been served and who have not appeared in this case. No trespassing complaint is before this Court. Plaintiff has also filed two Motions to Mediate (Docs. #5, #13) asking to direct the parties to mediate. Finally, plaintiff has filed two Motions for Temporary Injunction (Docs. #14, #15) seeking to reinstate his membership rights at Deep Creek Golf Club.

Until the Court has a viable single Second Amended Complaint that states claims for relief; a determination of plaintiff's Application to Proceed Without Prepaying Fees or Costs (Doc. #2);

and service of process on defendants so that they may appear and respond, the motions are premature and will all be denied.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs (Doc. #2) is **taken under advisement** pending the filing of a Second Amended Complaint

2. Plaintiff shall file a single document entitled "Second Amended Complaint, with all exhibits attached, following the guidance above and signed by plaintiff within **FOURTEEN (14) DAYS** of this Opinion and Order.

3. Plaintiff's Motion to Remove Trespassing Allegation (Doc. #6), Motion to Dismiss False and Retaliatory Trespassing Complaint (Doc. #11), Motion to Remove False and Retaliatory Trespassing Complaint (Doc. #12), Motions to Mediate (Docs. #5, #13), and Motions for Temporary Injunction (Docs. #14, #15) are **DENIED** as premature.

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of October 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff