UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL COFFEY,

      Plaintiff,

v.                                   Case No:  2:25-cv-00812-JES-NPM

SOUTHSTAR          DEVELOPMENT
PARTNERS,            INC.,
(Owner/Operator   of   Deep
Creek  Golf  Course)[1];  TODD
EVANS   (General   Manager);
BRUCE  HARRIS  (Member/League
Leader);  and  JOE  SULLIVAN
(President, Members League),

      Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of the file. Pro se pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168 (11th Cir. 2014). Pro se litigants, however, are still required to conform to procedural rules.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007); Goldsboro v. Ivey, No. 25-11394, 2026 WL 507421, at *3 (11th Cir. Feb. 24, 2026).

---

[1] Southstar Development Partners, Inc. has been dismissed from the case, however, is still currently listed in the Third Amended Complaint.  (Docs. # 33,73.)

On July 1, 2026, Plaintiff Michael Coffey ("Coffey") filed his Fourth Amended Complaint (Doc. #94) "pursuant to the Court's Order allowing" the filing.  No such Order exists.  Instead, the Court has twice denied Coffey's motions for leave to file an amended complaint (Docs. ## 68, 88) for "failure to comply with Local Rule 3.01(g)."  (Docs. ## 70, 89.)  Both orders explained the Court strictly enforces "its motion-related conference requirements[.]"  Should Coffey wish to file an amended complaint, he must either obtain "the opposing party's written consent or the court's leave."[2]  Fed. R. Civ. P. 15(a)(2).

Accordingly, it is now

**ORDERED**:

The Clerk is directed to **STRIKE** and remove the PDF file of the Fourth Amended Complaint (Doc. #94).

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of July 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

---

[2] Coffey may not amend as a matter of course because he already previously did so in filing his Amended Complaint (Doc. #10).  Fed. R. Civ. P. 15(a)(1)