UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL COFFEY,

Plaintiff,

v.

Case No. 2:25-cv-00812-KCD-NPM

BRUCE HARRIS,
MEMBER/LEAGUE LEADER; AND
DEEP CREEK GOLF CLUB, LLC,

Defendants,
_____________________________________/

# **ORDER**

This case started when Plaintiff Michael Coffey was expelled from Deep Creek Golf Club. He now claims that Deep Creek violated the Americans with Disabilities Act by terminating his membership. Coffey also brings a defamation claim against Bruce Harris, who allegedly sparked the expulsion by circulating an email calling Coffey mentally unstable and dangerous. (*See* Doc. 134.)

Deep Creek recently answered the complaint and raised several affirmative defenses. (Doc. 148.) That is where the pleadings typically end. *See* Fed. R. Civ. P. 7(a). But Coffey asked to file a reply to "address four disputes in the Club's answer." (Doc. 149 at 1.) Magistrate Judge Nicholas P. Mizell denied the request because Coffey's motion did "not suggest that the reply would allege a legal defense." (Doc. 150.)

Coffey now objects to that decision under Federal Rule of Civil Procedure 72(a). (Doc. 156.) He argues that Judge Mizell construed the function of a reply too narrowly, and he asks for leave to file a limited response to Deep Creek's answer. (*Id.* at 1.)

Non-dispositive orders from a magistrate judge, like at issue here, are reviewed for clear error. The district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the reviewing court, after assessing the evidence in its entirety, is left with definite and firm conviction that a mistake has been committed." *A.R. by and through Root v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*

Coffey sought a reply to challenge the factual narrative in Deep Creek's affirmative defenses. He expressed concern that his silence might be misconstrued. But as Judge Mizell rightly recognized, the Federal Rules already have Coffey covered. Rule 8(b)(6) dictates that if a responsive pleading is not required, any allegation in the answer "is considered denied or avoided." Fed. R. Civ. P. 8(b)(6). In other words, silence operates as a legal denial. Because the rules already preserved Coffey's right to challenge Deep Creek's affirmative defenses and factual assertions, an extra round of

pleadings was unnecessary. *See Strubel v. Hartford Ins. Co. of the Midwest*, No. 809CV01858T17TBM, 2010 WL 11507830, at *1 (M.D. Fla. June 18, 2010).

Coffey's objections here also signal that his reply would do nothing more than contest Deep Creek's narrative. But a reply under Rule 7(a)(7) is reserved for situations where a plaintiff must plead new facts to legally avoid an affirmative defense—not to simply lodge a disagreement with the defendant's version of events. *Id.*

After reviewing the record, the Court finds no reason to modify or set aside Judge Mizell's order under Rule 72(a). Coffey's objections (Doc. 156) are thus **DENIED**.

**ORDERED** in Fort Myers, Florida on November 4, 2026.

Kyle C. Dudek
United States District Judge