UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL COFFEY,

Plaintiff,

Case No. 2:25-cv-812-KCD-NPM

v.

BRUCE HARRIS,
MEMBER/LEAGUE LEADER; AND
DEEP CREEK GOLF CLUB, LLC,

Defendants,
_______________________________/

**ORDER**

This case started when Plaintiff Michael Coffey was expelled from Deep Creek Golf Club. He now claims that Deep Creek violated the Americans with Disabilities Act by terminating his membership. Coffey also brings a defamation claim against Defendant Bruce Harris, who allegedly sparked the expulsion by circulating an email calling Coffey mentally unstable and dangerous. (*See* Doc. 134.)[1]

Harris moves to dismiss the defamation claim. (Doc. 143.) He argues that his email contained only subjective opinions and not verifiable facts. (*Id.*) Coffey did not respond, and the deadline to do so has passed. The Court thus considers the matter unopposed. *See* Local Rule 3.01(c).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

At issue is whether Harris's email can form the basis for a defamation claim. It cannot. Coffey has not provided the entire email. Instead, the complaint quotes a few phrases that he identifies as defamatory:

59. Harris expressly wrote that Plaintiff was "emotionally and mentally unstable."

60. Harris warned the recipients to "be cautious" around Plaintiff.

61. Harris further wrote that Plaintiff "could snap at anything or anybody.

62. Harris also wrote: "I pray that he finds the help he so drastically needs."

(Doc. 134 ¶¶ 59-62.) Even taken at face value and considered in context of the overall dispute, these quotes are not actionable.

To survive a motion to dismiss, like brought here, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

At this starting gate, we must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). That benefit of the doubt, however, has limits. The court is not bound to accept legal conclusions dressed up as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And "conclusory allegations, unwarranted factual deductions or

legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Put simply, the plaintiff must tell a factual story that makes the defendant's liability plausible, not just point a finger and recite the law.

To state a claim for defamation under Florida law, "the plaintiff must allege that (1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015). "In addition, the plaintiff must show that the statement was a false statement of fact as distinguished from opinion, which is protected[.]" *Keller v. Miami Herald Pub. Co.*, 778 F.2d 711, 715 (11th Cir. 1985). "True statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment." *Block v. Matesic*, 789 F. Supp. 3d 1131, 1154 (S.D. Fla. 2025).

"Whether the challenged statement was one of fact or opinion is . . . a question of law to be decided by the court." *Keller*, 778 F.2d at 715. "The key difference between statements of opinion and statements of fact is that statements of fact are readily capable of being proven true or false." *Block*, 789 F. Supp. 3d at 1159; *cf. Neisen v. Rohmfeld*, No. 2:24-CV-00185, 2024 WL

7130069, at *5 (S.D. Tex. Dec. 20, 2024) ("An allegedly defamatory statement cannot form the basis for liability if it is not verifiable as false[.]").

Under these standards, Coffey's claim unravels. None of the identified statements can be objectively proven true or false. Take the warning that Coffey "could snap." (Doc. 134 ¶ 61.) There is no scientific test or universally accepted definition for measuring whether a person has the capacity to snap. It is an inherently subjective prediction about future behavior, not a verifiable fact. *See, e.g.*, *Lansing v. Carroll*, No. 11 CV 4153, 2015 WL 3962345, at *7 (N.D. Ill. June 29, 2015). Same for the statement that Coffey was "emotionally and mentally unstable." (*Id.* ¶ 59.) That is not a verifiable diagnosis that can be proven right or wrong. As other courts have recognized, words like these merely reflect a subjective view of someone's disposition. *See, e.g.*, *Lifton v. Bd. of Educ. of City of Chicago*, 416 F.3d 571, 579 (7th Cir. 2005) (statement that plaintiff was "unstable" not actionable defamatory language).

Harris's statements are simply not verifiable facts—like, say, an accusation that a golfer stole money from the pro shop or cheated on the scorecard. *See, e.g.*, *Trump v. Cable News Network, Inc.*, 684 F. Supp. 3d 1269, 1276 (S.D. Fla. 2023) ("Being 'Hitler-like' is not a verifiable statement of fact that would support a defamation claim."). They are instead pure opinions, and thus Coffey's defamation claim fails as a matter of law.

Coffey is on his fifth complaint. He has had plenty of chances to get it right, and he has not asked for leave to try again in response to Harris's motion. So the defamation claim will be dismissed with prejudice. *See, e.g.*, *Armstrong v. Friduss*, 138 F. App'x 189, 192 (11th Cir. 2005).

It is thus **ORDERED**:

1. Harris's motion to dismiss (Doc. 143) is **GRANTED**. The defamation claim brought against him (Count II) is **DISMISSED WITH PREJUDICE**.

2. Because claims remain pending against other defendants, the Clerk is directed to withhold judgment for Harris until the conclusion of the case. *See* Fed. R. Civ. P. 54(b).

**ENTERED** in Fort Myers, Florida on November 5, 2026.

Kyle C. Dudek
United States District Judge